THE STATE OF OHIO, APPELLEE, *v.* GRIGGS, APPELLANT.

[Cite as *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415.]

(No. 2003–1131—Submitted March 31, 2004—Decided September 8, 2004.)

O'CONNOR, J.

{¶ 1} The Court of Appeals for Trumbull County has certified the issue before us as follows: "Whether a trial court breaches its mandatory duty pursuant to Crim.R. 11(C)(2) to inform a criminal defendant of the effect of his or her guilty plea, prior to accepting the plea, if the trial court does not inform the defendant that the plea is a complete admission of guilt pursuant to Crim.R. 11(B)(1)." See 99 Ohio St.3d 1538, 2003-Ohio-4671, 795 N.E.2d 679. The Court of Appeals for Trumbull County has certified this issue upon determining that its holding conflicts with *State v. Roberson* (June 20, 1997), 2d Dist. No. 16052, 1997 WL 335137.

{¶ 2} Preliminarily, we note that this case implicates Crim.R. 11(C)(2), which applies only to felony cases, while *Roberson* implicates Crim.R. 11(D), which is

limited to misdemeanor cases involving serious offenses. Although the cases concern distinct sections of Crim.R. 11, these sections, as well as Crim.R. 11(E), employ substantially similar language that requires trial courts to inform a defendant of the effect of his guilty plea. Accordingly, rather than limit our analysis to Crim.R. 11(C)(2), we resolve the effect of a court's failure to advise a criminal defendant that a guilty plea is a complete admission of guilt, pursuant to Crim.R. 11(C)(2), (D), and (E).

{¶ 3} The state accused Abraham Griggs of entering Fred Taylor's apartment, demanding money from Taylor, and fatally stabbing him in front of his seven-year-old son. Accordingly, the state indicted Griggs on one count of aggravated murder, one count of aggravated burglary, and one count of felonious assault. In exchange for Griggs's pleading guilty to voluntary manslaughter and burglary, the state nolled the felonious assault charge.

{¶ 4} During a plea hearing, the court advised Griggs of potential sentencing consequences and of various rights, including the rights to have a jury trial, to have an attorney, to subpoena witnesses, to confront his accusers, and to avoid compulsory self-incrimination. The court did not, however, inform Griggs that his guilty plea was a complete admission of guilt. Upon Griggs's acknowledgment and waiver of his rights, the court accepted Griggs's guilty plea and imposed concurrent prison terms of ten years for voluntary manslaughter and eight years for burglary.

{¶ 5} Upon appeal, Griggs asserted that the trial court erred by accepting his plea without having informed him that a guilty plea is a complete admission of guilt. The Court of Appeals for Trumbull County affirmed Griggs's conviction upon a determination that the trial court substantially complied with Crim.R. 11(C)(2). For the following reasons, we affirm.

{¶ 6} Pursuant to Crim.R. 11, felony defendants are entitled to be informed of various constitutional and nonconstitutional rights, prior to entering a plea. Crim.R. 11(C)(2) states:

{¶ 7} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 8} "* * *

{¶ 9} "(b) Informing the defendant of and determining that the defendant understands the *effect of the plea of guilty or no contest,* and that the court, upon acceptance of the plea, may proceed with judgment and sentence." (Emphasis added.) [1]

---

1. {¶ a} Crim.R. 11(D) states: "In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first

{¶ 10} Crim.R. 11(B), captioned "Effect of guilty or no contest pleas," states that a plea of guilty "is a complete admission of the defendant's guilt."

{¶ 11} The information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily. See *State v. Nero* (1990), 56 Ohio St.3d 106, 107, 564 N.E.2d 474; see, also, *State v. Ballard* (1981), 66 Ohio St.2d 473, 479–480, 20 O.O.3d 397, 423 N.E.2d 115.

{¶ 12} The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance. *State v. Nero*, 56 Ohio St.3d at 107, 564 N.E.2d 474. Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. Id. at 108, 564 N.E.2d 474. The test for prejudice is "whether the plea would have otherwise been made." Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding Griggs's plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt. Id.

{¶ 13} In *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, the Supreme Court validated what has become commonly known as an "*Alford* plea," whereby a defendant pleads guilty yet maintains actual innocence of the charges. In *Alford,* the court stated, "Ordinarily, a judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged against him and his consent that judgment be entered without a trial of any kind. The plea usually subsumes both elements, and justifiably so, even though there is no separate, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment." Id. at 32, 91 S.Ct. 160, 27 L.Ed.2d 162.

{¶ 14} In a less qualified fashion than the *Alford* court, in *State v. Stumpf* (1987), 32 Ohio St.3d 95, 104, 512 N.E.2d 598, we stated, "A plea of guilty *is* a complete admission of guilt." (Emphasis added.) Relating this statement to the charges that Stumpf faced, we continued, "*By entering his* guilty plea to the principal charge and to the specification under R.C. 2929.04(A)(3), [Stumpf] admitted that he murdered Mary Jane Stout for the purpose of avoiding

---

addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily."

{¶ b} Crim.R. 11(E) states: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."

detection, apprehension, trial or punishment for his crimes of attempted aggravated murder and aggravated robbery." Id. (Emphasis added in part and deleted in part.) Much like the Supreme Court in *Alford*, in *Stumpf*, we recognized that a guilty plea, absent an assertion of actual innocence, is an admission of guilt.

{¶ 15} Moreover, the case at hand is substantially similar to *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163, and *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474, cases in which we validated guilty pleas despite the trial courts' failures to explicitly inform the defendants that their guilty pleas would preclude probation. We determined that Stewart understood his ineligibility for probation because the trial court stated that he could receive a maximum prison sentence and that the court could immediately proceed to sentencing. We determined that Nero understood his ineligibility based upon his counsel's statement that Nero anticipated imminent incarceration and upon Nero's statement that he would appreciate some time to organize his affairs.

{¶ 16} Here, Griggs pleaded guilty after he acknowledged voluntarily signing a document captioned "Finding on Guilty Plea to Amended Indictment," in which he stated that he had committed the crimes of voluntary manslaughter and burglary. The court received assurances from Griggs and his counsel that Griggs understood the content of the document and the consequences of waiving his rights. Thereafter, the prosecutor set forth the factual basis for Griggs's guilty plea as follows:

{¶ 17} "On November 23rd, 1999 officers of the Warren Police Department took a statement from the Defendant * * *. Initially, the Defendant denied having a knife and stabbing the victim. Ultimately he did tell the officers that he had stabbed Taylor but maintained that he was not in the residence, claiming that the victim, Mr. Taylor, attacked him with a weapon and physically pulled him to the ground outside the rear of the apartment.

{¶ 18} "He then asserted that he pulled out his large folding knife, and while at the same time fighting off Mr. Taylor, he was able to open the knife and swing and hit the victim."

{¶ 19} As in *Stewart* and *Nero*, the record here indicates that the defendant understood the rights that he would waive by pleading guilty. In light of *Alford*'s recognition that a guilty plea typically subsumes an admission of guilt and *Stumpf*'s assertion that a guilty plea is an admission of guilt, this record demonstrates that Griggs understood that by entering his guilty plea, he admitted to committing voluntary manslaughter and burglary.[2] Accordingly, we hold

---

2. Literal compliance with Crim.R. 11, in all respects, remains preferable to inexact plea hearing recitations. See *State v. Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474. We continue to see no better

that a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial. The court of appeals was correct in holding that Griggs entered a valid guilty plea. See *State v. Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'DONNELL, JJ., concur.

————————

Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos, Assistant Prosecuting Attorney, for appellee.

Morganstern, MacAdams & DeVito Co., L.P.A., and Michael A. Partlow, for appellant.

————————

means of ensuring that pleas are entered knowingly and voluntarily than informing defendants regarding all rights and matters addressed by Crim.R. 11.