DECISION.
{¶ 1} Defendant-appellant Ronnie Rackley appeals his conviction for robbery. He argues that his guilty plea was not knowingly, intelligently, and voluntarily entered, and that he should have been given a hearing regarding withdrawing the plea. We affirm.
 {¶ 2} Rackley was charged with stealing a woman's purse and knocking her to the ground. According to the bill of particulars, a witness heard the woman's cry for help and then saw Rackley running. The witness held Rackley until the police arrived and arrested him. Rackley pleaded guilty to robbery, a third-degree felony.[1]
 {¶ 3} At sentencing, Rackley spoke at length, claiming his innocence. He stated that he had witnesses who could prove that he did not commit the robbery. Prior to the hearing, he sent the trial court a letter that indicated his wish to "prove [that he was] a Law Abiding Citizen," and that asserted his innocence. The trial court offered to listen to arguments if Rackley wished to withdraw his guilty plea. But Rackley told the court, "You can go forward [with the sentence], your Honor." The trial court found Rackley guilty and sentenced him to one year's imprisonment.
 {¶ 4} On appeal, Rackley assigns three errors: (1) his guilty plea was not knowing, intelligent, and voluntary, and the trial court did not adequately advise him of his rights; (2) the trial court should have conducted a hearing regarding the withdrawal of the plea; and (3) he was denied the effective assistance of counsel when his counsel failed to move to withdraw the plea.
 I. The Guilty Plea {¶ 5} Rackley's first assignment concerns his plea. He now argues that the trial court failed to inform him of the effects of the guilty plea, and that we should therefore reverse his conviction.
 {¶ 6} Under Crim. R. 11(C)(2), when a trial court accepts a guilty plea, it must address the defendant personally and (1) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty; (2) inform the defendant of and determine that the defendant understands the effects of the guilty plea, and that the court may proceed with judgment after accepting the plea; and (3) inform the defendant and determine that the defendant understands that he is waiving his rights to a jury trial, to confront the witnesses against him, to call witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself.[2]
 {¶ 7} With regard to the third element (the constitutional rights), the trial court must actually inform the defendant of these rights and determine that the defendant understands them.[3] But literal compliance with the other two elements is not required; we will not reverse a trial court's acceptance of a guilty plea as long as the trial court substantially complied with Crim. R. 11(C)(2).[4] "Substantial compliance" means that, under the totality of the circumstances, the defendant subjectively understood the implications of his plea and the rights he was waiving.[5] Further, to withdraw a plea, a defendant must show a prejudicial effect — namely, that he would not have otherwise made the plea.[6]
 {¶ 8} The trial court fully informed Rackley of his constitutional rights and made sure that he was knowingly waiving those rights. Rackley's argument on appeal concerns the trial court's alleged failure to inform him of the effects of a guilty plea. He contends that the trial court should have stated that a plea of guilty was an admission of guilt and that there would be no further discussions of guilt prior to sentencing.
 {¶ 9} But a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt.[7]
 {¶ 10} Before the trial court accepted Rackley's plea, it asked him if he understood the charge against him, if he was mentally stable at the time, if he understood that he was pleading guilty, and if he understood the possible penalty, and the trial court further informed him of any post-release-control and community-control responsibilities that might arise.
 {¶ 11} The trial court then described the constitutional ramifications of a guilty plea and asked if Rackley could read and write. Rackley stated that he had read the guilty-plea form and understood it. The guilty-plea form included all the information that the court had addressed, as well as a statement that a guilty plea was a complete admission of guilt.
 {¶ 12} The trial court stated, "If I accept this plea, I'll look at the presentence investigation and consider the facts of the case as they're presented to me in light of your record and everything else in making a determination as to what the appropriate sentence is at that time."
 {¶ 13} During one exchange, Rackley seemed to question his plea when the trial court noticed that he was shaking his head. Upon questioning Rackley again, he confirmed that he was pleading guilty. While Rackley did assert his innocence at certain times, he ultimately pleaded guilty, and therefore we presume that he understood that the guilty plea was a complete admission of his guilt.[8]
 {¶ 14} Based on the record, the trial court substantially complied with Crim. R. 11(C). It is clear that the trial court would proceed from accepting the plea to sentencing, and that Rackley was admitting his guilt. And the trial court took all of the other necessary steps. Rackley subjectively understood the implications of his plea and the rights he was waiving.
 {¶ 15} We therefore overrule Rackley's first assignment of error.
II. Withdrawing a Guilty Plea
 {¶ 16} Rackley's second and third assignments assert that he wanted to withdraw his guilty plea, so the trial court should have granted him a hearing, and that his trial counsel was ineffective and should have formally moved to withdraw the plea. Because both assignments concern Rackley's motion-to-withdraw argument, we address them together.
 {¶ 17} A defendant may withdraw a guilty plea prior to sentencing.[9] And the trial court should grant any such motion freely and liberally.[10] Once a defendant has made a motion to withdraw a guilty plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea.[11]
 {¶ 18} To establish ineffective assistance, a defendant must show that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) the substandard performance actually prejudiced the defendant.[12]
 {¶ 19} When Rackley returned for sentencing, he insisted that he had not committed the robbery. The trial court asked whether he wanted to withdraw his plea or simply to allow the court to take his claims of innocence into account during sentencing. Rackley said, "I don't know," but later asked for both.
 {¶ 20} The trial court asked Rackley's trial counsel if the case should proceed to sentencing. Trial counsel responded, "I don't see anything that we could do, your Honor. I'll submit it to the court."
 {¶ 21} The trial court then talked to Rackley for a brief time and stated, "I'll listen to arguments if you want to argue that you should be able to withdraw your plea and go back to square one and see the result of a trial and what that would be. You can make that argument or that request or you can continue on the line that you requested the last time, asking me to take into account whatever arguments you want and I'll go forward to sentencing. But I need to know."
 {¶ 22} To this, Rackley replied, "You can go forward, your Honor." The trial court sought confirmation: "Go forward with the sentencing?" Rackley again responded yes.
 {¶ 23} The trial court was willing to hold a hearing on a motion to withdraw the guilty plea. But Rackley did not request a hearing — he specifically declined it. The trial court had no duty to hold a hearing for a motion to withdraw a guilty plea when Rackley did not make any motion and actually turned down the trial court's offer to allow him to make the motion.
 {¶ 24} Moreover, we cannot say that his trial counsel was ineffective for failing to move for something that Rackley specifically rejected when it was offered by the court. Rackley's trial counsel's performance did not fall beneath an objective standard of reasonableness, and it did not prejudice Rackley.
 {¶ 25} We therefore overrule Rackley's second and third assignments of error.
 {¶ 26} Accordingly, we affirm the trial court's judgment.
Judgment affirmed.
Doan, P.J., and Sundermann, J., concur.
[1] R.C. 2911.02(A)(3).
[2] Crim. R. 11(C)(2).
[3] See State v. Ballard (1981), 66 Ohio St.2d 473,423 N.E.2d 115.
[4] State v. Stewart (1977), 51 Ohio St.2d 86,364 N.E.2d 1163.
[5] Id.
[6] Id.
[7] State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415,814 N.E.2d 51.
[8] See id.
[9] Crim. R. 32.1.
[10] State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715.
[11] Id.
[12] Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.