{¶ 52} I respectfully dissent. I believe the trial court's advisement to appellant about the possibility of deportation substantially complied with R.C. 2943.031(A). In this case, the court specifically advised appellant that "as a result of pleading guilty to a felony * * * you could be deported, you understand that?" Appellant responded affirmatively. Therefore, the trial court substantially complied with R.C. 2943.031(A).
 {¶ 53} Appellant filed his motion to withdraw his guilty plea after he received a notice of hearing in removal proceedings from the United States Immigration Court. Since the trial court advised appellant of this possibility of deportation prior to his entering his guilty plea, he received adequate notice of the consequences his plea might have.
 {¶ 54} We review a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard. Although this case implicates R.C. 2943.031 rather than Crim.R. 32.1, the same abuse-of-discretion standard applies to the trial court's decision on appellant's motion.State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894.
 {¶ 55} A criminal defendant's right to be informed of specific, nonconstitutional aspects of a plea under Crim.R.11 is subject to review under a substantial-compliance standard. State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. Even though R.C. 2943.031(A) provides the specific advisement a trial court must make by placing the required language in quotation marks, "precedents uniformly support a substantialcompliance approach in this situation." Francis at 499.
 {¶ 56} Following the Supreme Court's reasoning in Francis, I must respectfully dissent. I find that the trial court substantially complied with the R.C. 2943.031(A) noncitizen advisement at the Crim.R. 11 hearing and did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.