OPINION
{¶ 1} This appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Dana Thomas, appeals the decision of the Mahoning County Court of Common Pleas that accepted his guilty plea and sentenced him accordingly. Thomas takes exception to both the trial court's acceptance of his guilty plea and the sentence imposed upon him. The State concedes that the trial court erred when accepting Thomas' guilty plea and we agree. The trial court failed to ensure that Thomas' plea was knowing, intelligent, and voluntary. Accordingly, Thomas' plea is vacated, the trial court's decision is reversed and this case is remanded for further proceedings.
 {¶ 2} On February 8, 2007, Thomas was indicted in Case No. 07 CR 63A on one count of theft, a felony of the fourth degree. He was then indicted on May 24, 2007, in Case No. 07 CR 473 on two counts of receiving stolen property, felonies of the fifth degree. On June 15, 2007, Thomas pleaded guilty to all counts and the trial court accepted Thomas' plea. The case was then scheduled for a sentencing hearing, after which the trial court imposed a sentence for all three offenses on Thomas. Thomas did not timely appeal his conviction and sentence, but we granted him leave to file a delayed appeal.
 {¶ 3} In the first of four assignments of error, Thomas argues:
 {¶ 4} "The trial court denied Dana Thomas his right to due process under the Fourteenth Amendment to the United States Constitution, and Section 10, Article 1 of the Ohio Constitution, when it accepted an unknowing, unintelligent, and involuntary guilty plea. Crim. R. 11, Change of Plea Hearing, T.p. 5."
 {¶ 5} According to Thomas, the trial court did not strictly comply with Crim. R. 11(C) relating to the waiver of constitutional rights because it did not inform Thomas of those rights. The State concedes that the trial court did not inform Thomas that he was waiving his privilege against self-incrimination and, therefore, that his guilty plea should be vacated. We agree.
 {¶ 6} The Ohio Supreme Court has held that the trial court must inform the defendant that he is waiving four constitutional rights before accepting that defendant's *Page 2 
guilty plea: 1) his privilege against compulsory self-incrimination, 2) his right to jury trial, 3) his right to confront his accusers, and 4) his right of compulsory process of witnesses. State v. Ballard (1981),66 Ohio St.2d 473, paragraph one of the syllabus. The trial court is not required to use the exact language of the constitution, but must explain the rights in a manner that is reasonably intelligible. Id. at 480. Whether or not the trial court has explained these constitutional rights to the defendant is reviewed under a strict compliance standard and no showing of prejudice is required in order to establish reversible error.State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 12.
 {¶ 7} In this case, the following was said during the trial court's colloquy with Thomas:
 {¶ 8} "The Court: Now do you understand that by entering these pleas this morning, you're giving up certain substantial statutory and Constitutional rights, such as your right to trial by jury, the right to have the State prove each element of each charge against you, the right to confront any witnesses that would testify against you, the right to compel witnesses to testify on your own behalf, and the right not to proceed to trial if you so desire.
 {¶ 9} "The Defendant: Yes, I understand. Tr. at 5."
 {¶ 10} There were no other references to constitutional rights during the rest of the guilty plea hearing. As the State concedes, the trial court never informed Thomas that he was waiving his privilege against compulsory self-incrimination. Thus, Thomas' plea is constitutionally infirm and his first assignment of error is meritorious.
 {¶ 11} Thomas' remaining three assignments of error argue:
 {¶ 12} "The trial court erred by imposing a sentence that was inconsistent with its own finding. Revised Code Section 2929.13; Sentencing Hearing, T.p. 7-8."
 {¶ 13} "The trial court violated R.C. 2929.19(B)(6) by ordering Mr. Thomas to pay $2,860.50 in restitution without considering Mr. Thomas' present and future ability to pay as required by R.C. 2929.19(B)(6).Fourteenth Amendment to the United States Constitution; Section 16, Article I of the Ohio Constitution. September 17, 2007 Judgment Entry; Sentencing Hearing T.p. 8." *Page 3 
 {¶ 14} "Trial counsel provided ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution and the Ohio Constitution, Section 10, Article I, when trial counsel failed to raise Mr. Thomas' ability to pay restitution at the hearing. Case No. 07-CR-473, September 17, 2007 Judgment Entry."
 {¶ 15} Thomas' remaining assignments of error are rendered moot due to the resolution of the first assignment of error.
 {¶ 16} Accordingly, Thomas' plea is vacated, the trial court's judgment is reversed and this case is remanded for further proceedings.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1