[Cite as *State v. Davis*, 2012-Ohio-4745.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

     Plaintiff-Appellee           :        C.A. CASE NO. 24927

vs.                                    :        T.C. CASE NO. 11-CR-592

DEMETRIUS DAVIS                        :        (Criminal Appeal from the
                                                  Common Pleas Court)

     Defendant-Appellant          :

· · · · · · · ·

**O P I N I O N**

Rendered on the 12th   day of October, 2012.

· · · · · · · ·

Mathias H. Heck, Jr., Prosecuting Attorney, Johnna M. Shia, Assistant Prosecuting Attorney, Atty. Reg. No. 0067685, 301 West Third Street, Suite 500, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

Carl Bryan, Atty. Reg. No. 0086838, 266 Xenia Avenue, Suite 225, Yellow Springs, Ohio 45387
     Attorney for Defendant-Appellant

· · · · · · · ·

GRADY, P.J.:

{¶ 1}    In June 2011, Defendant Demetrius Davis pled guilty to one count of burglary, R.C. 2911.12(A)(2), a felony of the second degree. In exchange for his plea, the State agreed to a maximum sentence of six years. The trial court sentenced Defendant to five years in prison.

{¶ 2}    Defendant filed a timely notice of appeal. His appellate counsel filed an *Anders* brief, *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could find no potentially meritorious issues for appellate review. We notified Defendant of his appellate

counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 3} Rather than identify possible issues for review, appellate counsel asks this Court to determine whether the trial court "1) conducted a colloquy with Appellant substantially in compliance with Crim.R. 11; and 2) whether the trial Court erred in accepting Appellant's plea as knowing, intelligent, and voluntary."

{¶ 4} An appellate court must determine whether the trial court record affirmatively demonstrates that a defendant's plea was knowing, intelligent, and voluntary; otherwise, the plea has been obtained in violation of due process and is void. *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A trial court's compliance with Crim.R. 11(C)(2) in accepting a defendant's guilty or no contest plea portrays those qualities. *State v. Fisher,* 2d Dist. Montgomery No. 23992, 2011-Ohio-629, ¶ 16.

{¶ 5} Crim.R. 11(C)(2) provides:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions and the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 6}    The Ohio Supreme Court requires trial courts to strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of constitutional rights.  *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.  Trial courts need only substantially comply with Crim.R. 11(C)(2)(a) and (b), which involve non-constitutional rights.  *State v. Nero,* 56 Ohio St.3d 106, 109, 564 N.E.2d 474 (1990).

{¶ 7}    Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the both the implications of his plea and the rights that he waives by entering that plea.  *State v. Miller,* 2d Dist. Clark No. 08 CA 90, 2010-Ohio-4760, ¶ 8, citing *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15.  Therefore, a defendant who challenges his guilty plea on the ground that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) and (b) must show a prejudicial effect, which requires him to show that the plea would not otherwise have been entered.  *Griggs,* at ¶ 12.

{¶ 8}    At the outset of the plea hearing, the parties stated on the record that in exchange for Defendant's guilty plea, the State would agree to a maximum sentence of six years, rather than the potential eight-year sentence that Defendant could have faced.  The court advised Defendant that due to his prior conviction R.C. 2929.13(F) required a mandatory sentence, which could not be reduced by judicial release, earned credit or furlough.  Defendant was not eligible for community control.

{¶ 9} The trial court cautioned Defendant that his plea could cause his parole on a prior offense to be revoked. The court also advised Defendant that upon his release from prison, there would be a mandatory three-year period of post-release control, and any violation of the terms of post-release control could result in Defendant receiving an additional prison term of up to half of his original sentence.

{¶ 10} Defendant denied being under the influence of drugs or alcohol, and he stated that he was able to read the plea form. The trial court confirmed that Defendant is an American citizen and that he understood the rights he was waiving by pleading guilty. The State presented the facts upon which the charge was based prior to Defendant entering his plea.

{¶ 11} The record of the plea hearing in this case demonstrates that the trial court meticulously complied with both Crim.R. 11(C)(2)(c) in advising Defendant of the constitutional rights he would be giving up by entering a guilty plea, and with Crim.R. 11(C)(2)(a) and (b) in advising Defendant about the non-constitutional matters including the nature of the charges, the effect of Defendant's guilty plea, and the maximum penalty involved. Defendant's plea was entered knowingly, intelligently, and voluntarily. Therefore, Defendant's assignments of error lack arguable merit.

{¶ 12} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and find no error having arguable merit. Accordingly, Defendant's appeal is without merit, and the judgment of the trial court will be affirmed.

Donovan, J., and Hall, J., concur.

**Copies mailed to:**

**Johnna M. Shia, Esq.**
**Carl Bryan, Esq.**
**Demetrius Davis**
**Hon. Barbara P. Gorman**