[Cite as *State v. Dickens*, 2013-Ohio-1499.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 2-12-20

      v.

STEVEN T. DICKENS, JR.,              O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2012-CR-68

**Judgment Affirmed**

**Date of Decision: April 15, 2013**

APPEARANCES:

    *David K. Goodin* for Appellant

    *Edwin A. Pierce and R. Andrew Augsburger* for Appellee

**SHAW, J**.

{¶1} Defendant-appellant Steven T. Dickens, Jr., ("Dickens") appeals the October 1, 2012, judgment of the Auglaize County Court of Common Pleas sentencing Dickens to 5 years of community control, which included a residential sanction of 90 days incarceration in the Auglaize County Correctional Center. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On December 4, 2011, Lisa Engle, Dickens's mother, contacted the St. Mary's Police in Auglaize County, Ohio, informing the police that she was concerned about Dickens's use of heroin. (Aug. 30, 2012, Tr. at 10). Ms. Engle gave the police a syringe, some spoons, and some aluminum foil, which tested positive for a residue of heroin. The police eventually spoke with Dickens, who confessed that he had been using heroin. (Tr. at 10).

{¶3} Subsequently, on April 17, 2012, Dickens was indicted for Possession of Heroin in violation of R.C. 2925.11(A),(C)(6)(a), a felony of the fifth degree. On May 8, 2012, Dickens was arraigned and entered a plea of not guilty to the charge.

{¶4} On May 30, 2012, Dickens filed a motion for "Treatment in Lieu of Conviction." In considering the motion, the court would later note that Dickens "failed to cooperate with the PreSentence Investigation Report that was ordered at

the time [Dickens] filed his motion for Intervention in Lieu of Conviction, which led to the Court denying his motion * * *." (Sept. 28, 2012, Tr. at 4).

{¶5} On August 30, 2012, the court conducted a change of plea hearing wherein Dickens withdrew his previously tendered plea of not guilty and entered a plea of guilty to the sole count of Possession of Heroin. Pursuant to plea negotiations, in exchange for Dickens's plea of guilty to the charge, the State agreed to recommend that Dickens be sentenced to community control and that Dickens be notified that if he violated community control, he would be sentenced to prison for 12 months. After engaging in a Criminal Rule 11 colloquy with Dickens, the court accepted Dickens's plea and set sentencing for September 28, 2012, at 1:00 p.m.

{¶6} On September 28, 2012, the court convened for sentencing, but Dickens was not present. After inquiring about Dickens's whereabouts, the court issued a bench warrant for Dickens. That same day, Dickens eventually arrived in court and the court held a sentencing hearing.

{¶7} At the sentencing hearing, the State reiterated its recommendation for community control. The court engaged Dickens in a discussion regarding his prior work history and his drug use. After speaking with Dickens, the court sentenced Dickens to five years of community control, with the specific term that Dickens

serve a 90 day residential sanction in the Auglaize County Correction Center. This sentence was memorialized in a judgment entry filed October 1, 2012.

{¶8} It is from this judgment that Dickens appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**DEFENDANT'S PLEA OF GUILTY WAS UNCONSTITUTIONAL UNDER BOTH THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION BECAUSE THE GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE.**

{¶9} In his assignment of error, Dickens argues that his guilty plea was not knowingly, intelligently, and voluntarily made. Specifically, Dickens argues that he was not informed that the trial court was not bound by the negotiated plea agreement, that the trial court should have informed Dickens of its intent to "deviate" from the agreement, and that the trial court in fact "deviated" from the negotiated plea agreement with respect to sentencing.

{¶10} Criminal Rule 11(C)(2) reads:

**(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:**

**(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**

**(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**

**(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

{¶11} A trial court must strictly comply with the provisions of Crim.R. 11(C)(2) that relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the right to require the state to prove guilt beyond a reasonable doubt, the privilege against self-incrimination, and the right to compulsory process to obtain witnesses. *See, e.g., State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at the syllabus; *State v. Ballard*, 66 Ohio St.2d 473 (1981), at paragraph one of the syllabus. However, the nonconstitutional aspects of the plea colloquy, such as information concerning the sentence as in the case before us now, are subject to review under a standard of substantial compliance. *See State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the

implications of his plea and the rights he is waiving." *Nero* at 108; *State v. Carter*, 60 Ohio St.2d 34 (1979).

{¶12} Failure to adequately inform a defendant of his nonconstitutional rights at a plea hearing will not invalidate a plea unless the defendant suffered prejudice. *Griggs* at ¶ 12, citing *Nero* at 107. Under the substantial compliance standard, the burden is on the defendant to show prejudice, which means showing that the plea would otherwise not have been entered. *Nero* at 108; *Veney* at ¶ 15.

{¶13} For Dickens to establish prejudice, he would have to demonstrate that his plea would not have been made otherwise. *See id.* The Supreme Court of Ohio has held that "[a] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his plea as required by Crim.R. 11 *is presumed not to be prejudicial.*" (Emphasis added.) *Griggs* at the syllabus.

{¶14} Dickens argues that his plea was not knowingly, intelligently, and voluntarily given. He claims that he was not informed that the trial court was not bound to accept the negotiated plea agreement, and that the written negotiated plea agreement made no mention that the court was not bound to accept it. While it is true that the written negotiated plea agreement did not contain language informing Dickens that the court was not bound to accept the agreement as it pertained to

Case No. 2-12-20

sentencing, the court did discuss this matter with Dickens on the record during the

Criminal Rule 11 plea colloquy. After informing Dickens of the Constitutional

rights he was waving, the court engaged in the following dialogue with Dickens:

> **THE COURT: The Court can, if it chooses, proceed to impose sentence today. Do you understand?**
>
> **STEVEN DICKENS, JR.: Yes, Sir.**
>
> **THE COURT: The Court may determine you are not amenable to Community Control, which means that I can send you to prison for twelve (12) months. There's a twenty-five hundred dollar ($2,500.00) fine, there's a mandatory minimum six (6) month operator's license suspension up to a five (5) year operator's license suspension. And I can stay that suspension until after you're done serving any penitentiary or jail time. Do you understand?**
>
> **STEVEN DICKENS, JR.: Yes, Sir.**

(Tr. at 5-6).

> **\* \* \***
>
> **THE COURT: Understand I don't know anything about you, I don't know anything about this case. I don't know what I'm going to do on sentencing because there's so much that I need to know about you before I could decide whether or not I sentence you to prison. I have no idea. If I don't know, nobody else can know. Do you understand?**
>
> **STEVEN DICKENS, JR.: Yes, Sir.**
>
> **THE COURT: So nobody can promise anything on my behalf and there is no promise. Do you understand?**
>
> **STEVEN DICKENS, JR.: Yes, Sir.**

> **THE COURT: Do you have any questions?**
>
> **STEVEN DICKENS, JR.: No, sir.**
>
> **\* \* \***
>
> **THE COURT: Do you understand the four (4) pleas that are available to you?**
>
> **STEVEN DICKENS, JR.: Yes, Sir.**
>
> **THE COURT: Do you understand the nature of the charge against you, the Indictment, the law, and the penalties?**
>
> **STEVEN DICKENS, JR.: Yes, Sir.**

(Tr. at 8-9).

{¶15} Under the totality of the circumstances, we find that the foregoing colloquy between the trial court and Dickens adequately informed Dickens that the trial court was not bound to accept the sentencing recommendation in the plea agreement. However, even if the foregoing dialogue and the remaining plea colloquy were somehow insufficient to establish this, Dickens is unable to establish any prejudice. Dickens admitted his guilt to officers in the investigation and to the court.

{¶16} Furthermore, despite Dickens's argument, the trial court at no time "deviated" from the negotiated plea agreement when it proceeded to sentencing. The negotiated plea agreement stated that the "State at the time of sentence, will

recommend as follows: * * * Defendant be placed on community control * * *."
(Doc. 45). The State did, in fact, make that recommendation.

{¶17} At sentencing, the trial court sentenced to Dickens to community control, with sanctions including, *inter alia*, 90 days of incarceration in the Auglaize County Correctional Center. As is clear in the statute, community control may include up to six months in jail or in a community based correctional facility as a residential sanction. R.C. 2929.16(A). The term imposed easily falls within that parameter. A review of the sentencing hearing transcript and the trial court's entry shows that Dickens was not sentenced to anything other than community control, though his community control included multiple sanctions. Thus there is no showing that the trial court "deviated" from the negotiated plea agreement or that there was any prejudice to Dickens, as he got the very sentence that was in his negotiated plea.

{¶18} For the foregoing reasons Dickens's assignment of error is overruled and the judgment of the Auglaize County Common Pleas Court is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**