[Cite as *State v. Litton*, 2017-Ohio-7289.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0073** |
| RUSSELL DWAYNE LITTON, a.k.a. LITTON, RUSSEL DWAYNE | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |


Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00231.

Judgment: Affirmed.


*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michelle M. French,* Law Offices of Michelle M. French, LLC, 28 West Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Russell Dwayne Litton, a.k.a. Litton, Russel Dwayne, appeals his conviction, following his guilty plea, of illegal manufacture of methamphetamine ("meth"). At issue is whether the trial court erred in accepting appellant's guilty plea. For the reasons that follow, we affirm.

{¶2} On June 8, 2016, appellant was charged in a four-count indictment with illegal manufacture of meth, a felony-two; illegal assembly or possession of chemicals for the manufacture of meth, a felony-three; aggravated possession of meth, a felony-five; and possessing criminal tools, a felony-five. Appellant pled not guilty.

{¶3} On December 6, 2016, appellant, then 51 years old, entered a "Written Plea of Guilty and Plea Agreement" with the state pursuant to which he agreed to plead guilty to illegal manufacture of meth and the state agreed to nolle the remaining counts.

{¶4} During the plea hearing, appellant told the court he was satisfied with his attorney. He acknowledged his attorney had informed him of the charges against him, the potential sentence, and his constitutional rights. The court advised appellant that by pleading guilty, he would be waiving his right to a jury trial, his right to confront the state's witnesses, his right to subpoena witnesses, his privilege against self-incrimination, and his right to have the state prove his guilt beyond a reasonable doubt.

{¶5} Appellant said that he waived these rights; that he was "voluntarily pleading guilty of [his] own free will;" and that he understood that by pleading guilty he was admitting he committed the offense of illegal manufacture of meth. Appellant acknowledged that no threats or promises had been made to induce him to plead guilty.

{¶6} The court explained to appellant the nature of the charges, his potential exposure for illegal manufacturing of meth, and the terms of the plea bargain.

{¶7} Appellant acknowledged that, pursuant to the plea bargain, in exchange for his guilty plea to illegal manufacturing of meth, the state would dismiss the remaining charges and recommend that the court sentence him to three years in prison, which was the minimum sentence, to run concurrently to his sentence in an unrelated case for

2

which the court had recently sentenced him to a prison term. The court advised appellant that he had negotiated a jointly recommended sentence and that the court would impose that sentence.

{¶8} The court asked appellant what happened that caused him to get into trouble. Appellant said he invited two friends to his apartment for dinner, his co-defendant, Michael Lockwood, and a female. After dinner, appellant told them to "go ahead and hang out." He then went to his sister's house to visit.

{¶9} Appellant said that when he returned home, "I smelled it, the chemicals." He told Lockwood he was leaving and would be back in awhile. Appellant said he went for a walk and smoked a cigarette. He then returned and went in the front door. He said he walked out the back door and saw an officer trying to break in his bedroom door. Appellant said another officer came in the apartment through the front door and arrested him.

{¶10} The prosecutor then outlined the state's evidence. He said that Deputy Matthew Johns of the Ashtabula County Sheriff's Department was on foot patrol when he saw an older, shaggy-haired male, later identified as appellant, "walk in the shadows" near a closed business. Appellant walked past the fence and gates that surrounded the business and walked around inside the fenced area for some time. The deputy said the area was dark and the business was clearly closed. He thus believed appellant was engaging in criminal activity. As a result, the deputy called for backup. Deputy Johns continued to watch appellant from a distance. He eventually saw appellant exit the fenced area and walk over to a nearby apartment and enter

3

Apartment 2, which the deputy later learned was leased by appellant. When appellant entered the apartment, he left the front door open, but closed the screen door.

{¶11} Another deputy arrived and kept watch at the rear of the apartment, while Deputy Johns tried to make contact at the front door. As Deputy Johns walked up to the front door from the sidewalk, he saw Lockwood inside sitting on a couch in the living room. He was wearing blue rubber gloves that extended up his arms. Deputy Johns saw chemicals and other items used to manufacture meth spread out on a coffee table in front of Lockwood. These included bottles, cut-open ammonium nitrate instant cold packs, mason jars, coffee filters, tubing, digital scales, and baggies. Deputy Johns smelled the distinct odor of a meth lab coming from the apartment. The deputy said that, based on his observations, Lockwood was engaging in the manufacture of meth.

{¶12} Deputy Johns stepped back from the apartment and advised dispatch to send additional units. While waiting for backup, someone closed the front door of the apartment and locked it. Due to the hazardous nature of meth labs, Deputy Johns kicked in the front door.

{¶13} When Deputy Johns entered the apartment, he saw that Lockwood was no longer in the living room. The deputy called out commands for all persons in the apartment to show themselves. The bathroom door opened and Lockwood walked out. Deputy Johns arrested Lockwood, the female, and appellant.

{¶14} Throughout the apartment, Deputy Johns saw items used in the manufacture of meth. Elsewhere in the living room, he saw more cut-open instant cold packs, coffee filters, tubing, baggies, acid drain opener, mason jars, digital scales with residue, two baggies of meth, and lithium batteries. A fan was pointed toward the front

4

door to blow the chemical fumes out of the apartment. In the bathroom, he saw the blue rubber gloves Lockwood was wearing, two plastic pop bottles, meth lab sludge in the toilet water, tubing, and acid drain opener. He saw a respirator in the hallway. In the kitchen, the deputy saw two one-pot meth labs. In the back room, he saw a canister of sodium nitrate. By the back door, he saw a one-pot meth lab.

{¶15} The court found appellant voluntarily waived his constitutional rights, accepted his guilty plea, and found him guilty.

{¶16} The court proceeded to sentencing. Appellant's attorney asked the court to adopt and impose the jointly recommended minimum three-year prison sentence.

{¶17} The court noted that appellant has prior felony convictions and was currently in prison on an unrelated case for which the court had recently sentenced him. The court sentenced appellant to three years in prison to be served concurrently to the sentence in his other case.

{¶18} Appellant appeals, asserting one assignment of error, as follows:

{¶19} "Did the Trial Court err to the prejudice of the Appellant by accepting the Defendant's guilty plea without an adequate acknowledgement of guilt by the Appellant?"

{¶20} This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Dundics*, 11th Dist. Trumbull No. 2015-T-0047, 2016-Ohio-1368, ¶10.

{¶21} Appellant argues that, although the record shows his guilty plea was knowing, intelligent, and voluntary, the plea colloquy was insufficient and the trial court should not have accepted his guilty plea because, in appellant's explanation of

5

circumstances, he did not acknowledge responsibility for his crime. He thus argues the court should have advised him of the rule set forth in *North Carolina v. Alford*, 400 U.S. 25 (1970), and applied that rule to this case.

{¶22} "The plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). The Supreme Court of Ohio has held that "a defendant who has entered a guilty plea without asserting *actual innocence* is presumed to understand that he has completely admitted his guilt." (Emphasis added.) *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶19.

{¶23} The record shows that appellant voluntarily pled guilty and acknowledged that by pleading guilty he was admitting he was guilty of illegal manufacture of meth and that the court would immediately impose the stipulated sentence.

{¶24} Further, during the plea hearing, appellant admitted this was his house and that "they were making meth." He admitted that *after* he smelled the odor of chemicals, he did not tell Lockwood and the female to stop their manufacturing activities, but, rather, left them alone in his apartment to continue. And, appellant did not dispute Deputy Johns' report that chemicals and other items used in the manufacture of meth were present and in plain view throughout the apartment. Appellant thus tacitly admitted he allowed Lockwood and the female to use his apartment knowing they were engaged in manufacturing meth.

{¶25} In *State v. Campbell*, 11th Dist. Ashtabula No. 2013-A-0047, 2014-Ohio-972, ¶10, this court held that appellant's conviction of illegal manufacture of meth was supported by sufficient evidence where, upon opening the door of appellant's residence,

6

the officer smelled a strong odor of a meth lab inside the residence and found a meth lab and other items used in the manufacture of meth. *Id.* at ¶45-48.

{¶26} We therefore hold that the trial court did not err in accepting appellant's guilty plea.

{¶27} For the reasons stated in this opinion, the assignment of error is overruled. It is the order and judgment of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.