[Cite as *State v. Treadwell*, 2020-Ohio-2736.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-304 |
| v. | : | (C.P.C. No. 18CR-4404) |
| Ronald L. Treadwell, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 30, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *William T. Cramer*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Roger L. Treadwell, appeals from a judgment of the Franklin County Court of Common Pleas entered on April 10, 2019, sentencing him to serve 11 years in prison following a guilty plea to trafficking in heroin in amounts in excess of one hundred grams. Before this court is a counseled brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967). Because we agree with appellant's counsel in his *Anders* brief and with the response of plaintiff-appellee, State of Ohio, all of which indicate the record discloses no non-frivolous issues for appeal, and for the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On September 7, 2018, a Franklin County Grand Jury indicted appellant for possession of heroin and fentanyl and for trafficking in both illegal substances. All four counts included forfeiture and firearm specifications. Additionally, appellant was indicted with having a weapon while under disability in violation of R.C. 2923.13. On September 14,

2018, appellant pled "not guilty" to all counts of the indictment. However, in a hearing on April 10, 2019, appellant changed his plea to "guilty" on the count of trafficking in heroin with specification for forfeiture in exchange for dismissal of all other charges.

{¶ 3} During the plea hearing, the prosecutor offered the following recitation of underlying facts:

> The incident that occurred on August 31st, 2018, involved a house on 318 South Wayne Avenue where Columbus police narcotics had focused their attention due to a number of fatal overdoses and other regular overdoses that occurred in that area. Shortly before that time, they had been given information from a number of different sources that it was believed to be that the people that had been overdosing had purchased fentanyl from 318 South Wayne. They did send in a confidential informant that made a purchase of $20's worth of heroin. That occurred on August 31st, 2018, at 2 p.m.
>
> The confidential informant indicated that they went into the back of the residence, went into the kitchen area and then into the front room. They were served a small amount of heroin by an individual they claim had shoulder length dreadlocks, or that was the person that let them inside.
>
> Shortly after that, within several hours, Columbus Police Intact executed a search warrant at 318 South Wayne Avenue. Inside of the residence were the four co-defendants in this case, including Mr. Treadwell, who was located in the kitchen. There were a number of items of paraphernalia, drug-trafficking-related paraphernalia, three handguns, and about a thousand grams of a combination of fentanyl and heroin that were seized at that time. The fentanyl and heroin were laid out on a table in the front room. It appeared to be in the process of being packaged up into small pill capsules.
>
> Mr. Treadwell was taken to police headquarters where he was read his rights and asked if he would wish to make a statement. He indicated at that time he did not want to talk to the detectives. He wanted a lawyer present instead and was, therefore, arrested.
>
> The weight on the heroin came back to be a total of 943.145 grams. The currency involved that was on the table and on a small table next to the main table in the front room totaled $9,187. The firearms were all tested and found to be operable.

(Tr. at 4-6.)  Upon inquiry by the trial court, the prosecutor further stated all the foregoing events occurred in Franklin County, Ohio.  The defense offered no objections or exceptions to the facts as recited for the purposes of the plea hearing.

{¶ 4}  The trial court proceeded immediately to sentencing and sentenced appellant to 11 years of mandatory time at the Ohio Department of Rehabilitation and Correction.  Based on appellant's affidavit of indigency, the trial court waived fines and court costs.  The trial court also advised appellant that he would be subject to 5 years of mandatory post-release control upon his release from prison, and further advised appellant of the potential consequences for violating post-release control.  Finally, the trial court advised appellant of his right to appeal as required by Crim.R. 32(B)(2).

{¶ 5}  Appellant timely appealed to this court and his appellate counsel filed an *Anders* brief on his behalf, certifying that, having conscientiously examined the record, he concluded the appeal was frivolous with no issues of arguable merit.  He consequently sought and was granted leave to withdraw.  Appellant was permitted time in which to file a supplemental pro se brief if he wished to bring to our attention errors he might have wanted to allege.  Appellant has not done so.

## II. Potential Assignments of Error

{¶ 6}  Notwithstanding the *Anders* certification, counsel's brief suggests three potential assignments of error as follows:

> [1.] Appellant's guilty plea was not entered knowingly, intelligently, or voluntarily.
>
> [2.] Appellant's sentence was contrary to law and the record does not support the sentence.
>
> [3.] The mandatory maximum prison term was cruel and unusual punishment in violation of the state and federal constitutions.

## III.  Discussion and Legal Analysis

{¶ 7}  *Anders* requires us to make "a full examination of all the proceedings," and then "to decide whether the case is wholly frivolous."  *Anders* at 744.  We have previously stated:

> Where a defendant does not file a pro se brief in response to an *Anders* brief, an appellate court will examine the potential assignment of error and the entire record below to determine if

> the appeal lacks merit. *State v. Cooper*, 10th Dist. No. 09AP-511, 2009-Ohio-6275. "After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel." [*State v.*] *Matthews*[, 10th Dist. No. 11AP-532, 2012-Ohio-1154,] ¶ 10, citing *Penson v. Ohio*, 488 U.S. 75, 80 (1988). However, if we conclude that there are nonfrivolous issues for appeal, we must afford appellant the assistance of counsel to address those issues. *Anders* at 744; *Penson* at 80.

*State v. A.H.*, 10th Dist. No. 16AP-487, 2017-Ohio-7680, ¶ 18.

### A. Guilty Plea

{¶ 8} In his first potential assignment of error, appellant claims the trial court potentially violated Crim.R. 11 by accepting his guilty plea that was not knowingly, voluntarily, or intelligently made. We disagree.

{¶ 9} A trial court must comply with Crim.R. 11 when it accepts a guilty plea. Among other requirements, the rule requires a trial court to determine the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and to inform the defendant of and determine the defendant understands the effect of the plea of guilty. A trial court need only substantially comply with these non-constitutional requirements of Crim.R. 11. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. Substantial compliance means, under the totality of the circumstances, the defendant objectively understands the implication of his plea and the rights he is waiving. *State v. Jones*, 10th Dist. No. 03AP-20, 2003-Ohio-4513, ¶ 7, citing *State v. Carter*, 60 Ohio St.2d 34, 38 (1979).

{¶ 10} Here, a review of the plea allocution and colloquy reveals appellant was advised multiple times he would be subject to a mandatory maximum sentence of 11 years in prison. Specifically, the prosecutor stated twice a sentence of 11 years was mandatory. Further, the trial court stated appellant was "getting a flat 11"; appellant had to be sentenced to "11 years of mandatory prison time" and the court could not give him "a lower sentence in terms of years"; and "the sentence is a mandatory 11 years." (Tr. at 4, 9.) Further, appellant himself acknowledged his sentence was mandatory and he could not appeal the sentence. Under the totality of the foregoing circumstances, we find the trial court

substantially complied with the requirements of Crim.R. 11 and appellant objectively understood the implication of his plea and the rights he was waiving.

{¶ 11} Furthermore, even if the trial court had not substantially complied with Crim.R. 11, appellant must also demonstrate prejudice as a result. *State v. Terrell*, 10th Dist. No. 09AP-1003, 2010-Ohio-3026, ¶ 8. In order to establish prejudice in this context, appellant must show that he would not have entered his guilty plea but for the trial court's failure to comply with Crim.R. 11. *Jones* at ¶ 10. Appellant has not made such an argument, nor has he made such a showing.

{¶ 12} Based on the foregoing, we find no defect in appellant's guilty plea or in the trial court's acceptance of it.

### B. Sentence Contrary to Law

{¶ 13} In his second potential assignment of error, appellant claims the trial court potentially imposed a sentence that was contrary to law. Again, we disagree.

{¶ 14} We review a trial court's felony sentence using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 22. "R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.' " *Id.* The Ohio Supreme Court further noted in *Marcum* "some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." *Id.* at ¶ 23. Thus, R.C. 2953.08 authorizes an appellate court to vacate or modify a sentence if (1) the court finds the sentence is "clearly and convincingly contrary to law," or (2) the court finds "by clear and convincing evidence that the record did not support the sentence." *Id.* at ¶ 7.

{¶ 15} Here, the sentence was not clearly and convincingly contrary to law. First, the mandatory maximum term of 11 years was clearly required by law. The version of the trafficking statute in effect when appellant committed the offense of which he was convicted provided when the amount of heroin equals or exceeds one hundred grams, "the court shall

impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree." R.C. 2925.03(C)(6)(g). Second, the trial court properly imposed 5 years of mandatory post-release control for a first-degree felony. In sentencing appellant to 11 years in prison and giving notice after being released from prison he would be subject to a period of post-release control of 5 years the trial court imposed a legal sentence.

{¶ 16} Furthermore, there is no evidence the record does not support the sentence, let alone "clear and convincing" evidence. Both the plea form signed by appellant and the plea colloquy evince that appellant repeatedly admitted trafficking in excess of one hundred grams of heroin. As such, the record clearly supports the mandatory maximum sentence required by R.C. 2925.03(C)(6)(g).

{¶ 17} The trial court did not err in imposing the mandatory maximum sentence.

## C. Mandatory Maximum Sentence Cruel and Unusual Punishment

{¶ 18} Finally, appellant asserts in his third potential assignment of error the mandatory maximum sentence might be cruel and unusual punishment prohibited by the United States Constitution. We find no merit whatsoever to this argument.

{¶ 19} " '[A]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.' " *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 21, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69 (1964). " '[C]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person.' " *State v. Weitbrecht*, 86 Ohio St.3d 368, 371 (1999), quoting *McDougle* at 70. Furthermore, the penalty must be " 'so greatly disproportionate to the offense as to shock the sense of justice of the community.' " *Hairston* at ¶ 14, quoting *Weitbrecht* at 371.

{¶ 20} Here, the 11-year prison sentence imposed by the trial court was required by statute. R.C. 2925.03(C)(6)(g). Furthermore, we do not find an 11-year prison sentence imposed under the circumstances of this case would be considered shocking to any reasonable person or to the sense of justice of the community. Therefore, the sentence imposed by the trial court does not violate the Eighth Amendment's prohibition against cruel and unusual punishments and the trial court did not err in imposing it.

## IV.  Conclusion

{¶ 21} Following our review of appellant's three potential assignments of error asserted in the *Anders* brief and our independent review of the record, we find that none of the potential assignments of error has merit.  Further, we are unable to find any issues for review in this appeal that are not frivolous.  Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

————————