[Cite as *State v. Perry*, 2017-Ohio-944.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0148 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WAYNE PERRY | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 14 CR 619

JUDGMENT:    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:    Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:    Atty. Ross T. Smith
Huntington Bank Building
26 Market Street
Suite 610
Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: March 15, 2017

WAITE, J.

{¶1} Appellant Wayne Perry appeals from his convictions and sentence following a Crim.R. 11 plea agreement he entered into in the Mahoning County Common Pleas Court. Appellant's counsel filed a no merit brief requesting leave to withdraw. A complete review of the case reveals no appealable issues. Accordingly, appointed counsel's motion to withdraw is granted and Appellant's convictions and sentence are affirmed.

Factual and Procedural History

{¶2} Appellant was charged with one count of receiving stolen property, a felony of the fifth degree in violation of R.C. 2913.51(A), and one count of misuse of a credit card, a felony of the fifth degree in violation of R.C. 2913.21(A)(1). The state later dismissed the misuse charge.

{¶3} On April 14, 2015, the trial court held a plea hearing where Appellant pleaded guilty to the sole charge in the indictment. The state agreed to recommend the following sentence: community control with local incarceration, restitution, and a no contact order with the victims. The state also agreed to stand silent as to judicial release. On June 3, 2015, Appellant was arrested and charged with felonious assault in Trumbull County.

{¶4} On August 3, 2015, the trial court held a sentencing hearing. Based on Appellant's pending criminal charge, the state changed its recommendation in this matter to one year of incarceration and restitution. The trial court noted that Appellant had not yet been convicted of felonious assault, but agreed with the state's recommendation based on Appellant's lengthy criminal record. The court sentenced

him to one year of incarceration and ordered him to pay restitution to the victims. The court suspended the fines and costs. Appellant timely appeals.

## No Merit Brief

**{¶5}** Based on a review of this matter, appellate counsel seeks to withdraw after finding no potentially meritorious arguments for appeal. This filing is known as a no merit brief or an *Anders* brief. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967). In our district, it is referred to as a *Toney* brief. See *State v. Toney*, 23 Ohio App.2d 203, 262 N.E. 2d 419 (7th Dist.1970).

**{¶6}** In *Toney*, we established the procedure to be used when appellate counsel wishes to withdraw from a case deemed a frivolous appeal.

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se*.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the

arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

{¶7} On February 22, 2016, appellate counsel filed the no merit brief in this matter. On March 2, 2016, we filed a judgment entry informing Appellant that his counsel had filed a no merit brief and giving him thirty days to file his own brief. Appellant failed to file a brief in this matter. Accordingly, we must independently examine the record to determine whether there are any potentially meritorious issues in this matter.

<u>Plea Hearing</u>

{¶8} A plea of guilty or no contest must be made knowingly, intelligently and voluntarily for it to be valid and enforceable. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. In order to ensure that a plea in a felony case is knowing, intelligent and voluntary, Crim.R. 11(C)(2) requires the trial judge to address the defendant personally to review the rights that are being waived and to discuss the consequences of the plea.

**{¶9}** Crim.R. 11(C)(2)(c) requires the court to review five constitutional rights that are waived when entering a guilty or no contest plea in a felony case: the right to a jury trial, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. A trial court must strictly comply with Crim.R. 11(C)(2)(c) when advising the defendant of the constitutional rights that are being waived in entering a felony plea. *Id*. at syllabus. Prejudice is presumed if the court fails to inform the defendant of any of the constitutional rights listed in Crim.R. 11(C)(2)(c). *Id*. at ¶ 29.

**{¶10}** A defendant must also be informed of his nonconstitutional rights prior to entering a guilty plea, which include an understanding of the nature of the charges with an explanation of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a)(b). The nonconstitutional requirements of Crim.R. 11 are subject to review for substantial compliance rather than strict compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 11-12. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Further, "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *Griggs*, *supra*, at ¶ 12.

{¶11} Here, the record demonstrates that the trial court strictly complied when advising Appellant of his constitutional rights. In his written plea agreement and at the plea hearing, Appellant was advised that he would be giving up his right to appeal the following rights: (1) the right to a jury trial; (2) the right to confront the witnesses against him; (3) the right to obtain witnesses in his favor; (4) the state's burden to prove the case against him beyond a reasonable doubt at trial; and (5) the right against self-incrimination. (4/14/15 Plea Hrg. Tr., pp. 4-6.) Appellant indicated on the record that he understood each of these rights and that he would waive these as a result of his plea. The record is devoid of any evidence that Appellant was impaired in any way from understanding the process.

{¶12} The record similarly demonstrates that the trial court at least substantially complied in advising Appellant of his nonconstitutional rights. He was advised of the charges against him, which included one count of receiving stolen property. He was informed that he would be subject to a maximum penalty of one year in prison and a fine of $2,500. The trial court advised him that he was eligible for community control sanctions. The court explained that, on release from prison, he could be subject to a three-year period of postrelease control. The court further explained the consequences of violating postrelease control. Finally, he was informed that the court could proceed directly to sentencing after accepting his plea. Appellant acknowledged that he would be giving up these rights as a result of his plea. Again, there is nothing within the record to suggest Appellant was unable to

understand any of this discussion. Accordingly, there are no appealable issues regarding Appellant's guilty plea.

<u>Sentencing</u>

**{¶13}** An appellate court is permitted to review a felony sentence to determine if it is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. Pursuant to *Marcum*, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.*

**{¶14}** When determining a sentence, a trial court must consider the purposes and principles of sentencing in accordance with R.C. 2929.11, the seriousness and recidivism factors within R.C. 2929.12, and the proper statutory ranges set forth within R.C. 2929.14.

**{¶15}** While the trial court expressly stated that it had considered the principles of R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12 within its sentencing entry, it did not do so at the sentencing hearing. However, such failure is not necessarily error.

> [R]eversal is not automatic where the sentencing court fails to provide reasons for its sentence or fails to state at sentencing or in a form judgment entry, "after considering R.C. 2929.11 and 2929.12". We return to the *Adams* rule that a silent record raises the rebuttable presumption that the sentencing court considered the proper factors.

We hereby adopt the Second District's statement that where the trial court's sentence falls within the statutory limits, "it will be presumed that the trial court considered the relevant factors in the absence of an affirmative showing that it failed to do so" unless the sentence is "strikingly inconsistent" with the applicable factors. (Emphasis deleted.)

*State v. Grillon*, 7th Dist. No. 10 CO 30, 2012-Ohio-893, ¶ 131 citing *State v. James*, 7th Dist. No. 07-CO-47, 2009-Ohio-4392, ¶ 50.

**{¶16}** Accordingly, we begin with a presumption that the trial court considered R.C. 2929.11 and R.C. 2929.12, even in the absence of specific language. Although there is no reference to either statute within the sentencing hearing transcripts, there is nothing within the record to suggest that the court failed to consider these statutes. At the sentencing hearing, the trial court stated: "quite frankly, looking at his juvenile and adult convictions I don't believe that [Appellant] is amenable to a community control sanction." (8/3/15 Sent. Hrg. Tr., p. 6.) It is evident from this statement that the trial court considered the appropriate statutes.

**{¶17}** As to the statutory guidelines, the maximum penalty for a felony of the fifth degree is one year of incarceration. As Appellant was sentenced to one year of incarceration, the trial court's sentence is within the permissible statutory range. There is nothing within this record to provide clear and convincing evidence that the record does not support the sentence. As such, there are no appealable issues concerning Appellant's sentence.

## Conclusion

{¶18} Appellate counsel seeks to withdraw as a review of the record did not reveal any potentially meritorious arguments. For the reasons provided, this record reveals there are no potentially meritorious arguments. Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.