[Cite as *State v. Gibson*, 2018-Ohio-4013.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. CT2017-0094 |
| GREGORY L. GIBSON, JR. | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2017-0288


JUDGMENT: Vacated and Remanded

DATE OF JUDGMENT ENTRY: October 1, 2018

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                    ERIC J. ALLEN
Prosecuting Attorney                    The Law Offices of Eric J. Allen, Ltd.
Muskingum County, Ohio                4605 Morse Rd., Suite 201
                                          Gahanna, Ohio 43230
By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Hoffman, P.J.*

{¶1} Defendant-appellant Gregory L. Gibson appeals his conviction and sentence entered by the Muskingum County Court of Common Pleas, on one count of permitting drug abuse with a forfeiture specification, in violation of R.C. 2925.13(A) and 2941.1417, a felony of the fifth degree, after the trial court found him guilty following its acceptance of his no contest plea. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} A confidential informant working with detectives from the Central Ohio Drug Enforcement Task Force made a number of controlled buys from an individual by the name of Gregory Butcher and his organization. On August 29, 2016, the confidential informant arranged a controlled buy of a quarter-ounce of cocaine from Butcher. The confidential informant approached the driver's side of a 2002 Cadillac Escalade, which was titled in Appellant's name, and completed a hand-to-hand transaction with Butcher. Appellant was one of three passengers in the Escalade at the time of the transaction.

{¶3} The confidential informant made additional controlled buys from Butcher as well as other individuals. These transactions were made from Appellant's Escalade. Many of the transactions were conducted close to Appellant's residence. On August 31, 2016, immediately prior to one of the controlled buys, detectives observed Butcher pull up in the Escalade in front of Appellant's residence. Appellant was on the porch and Butcher spoke to him through the driver's window. After the conversation, Butcher drove away in the Escalade and conducted a transaction with the confidential informant.

{¶4} Jayana Pantaleo, Butcher's former girlfriend, advised detectives Butcher used the Escalade in his drug trade. Butcher had previously titled the vehicle in another

girlfriend's name as well as in the name of the girlfriend of a member of his organization. The Escalade was subsequently titled in Appellant's name. Butcher had asked Pantaleo to put the title in her name, but she refused to do so.

**{¶5}** On August 23, 2017, the Muskingum County Grand Jury indicted Appellant on one count of permitting drug abuse with a forfeiture specification, in violation of R.C. 2925.13(A) and 2941.1417, a felony of the fifth degree.[1] Appellant appeared before the trial court for arraignment on September 1, 2017, and entered a plea of not guilty to the Indictment. On September 19, 2017, Appellant withdrew his former plea of not guilty and entered a plea of no contest to the charge. The trial court accepted Appellant's no contest plea and found him guilty as charged. The trial court ordered a pre-sentence investigation. On November 6, 2017, the trial court sentenced Appellant to one year of community control. The trial court also ordered the 2002 Cadillac Escalade be forfeited.

**{¶6}** Appellant raises the following assignment of error:


I. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ACCEPTED A PLEA OF NO CONTEST WITHOUT INFORMING THE DEFENDANT CONCERNING THE EFFECT OF A PLEAS [SIC] OF NO CONTEST.


I.

---

[1] Two prior indictments were dismissed, one due to a technical error and the other in an effort to protect a confidential informant.

{¶7} Crim.R. 11(B) explains the effect of a no contest plea and provides, in relevant part:

> With reference to the offense or offenses to which the plea is entered:
>
> * * *
>
> (2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

{¶8} Pursuant to Crim. R. 11, a trial court must follow distinct procedures in accepting a plea, with the procedures varying based upon whether the offense involved is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Jones*, 116 Ohio St.3d 211, 877 N.E.2d 677, 2007-Ohio-6093, ¶ 11. Appellant pled no contest to a fifth degree felony. Accordingly, the trial court was required to follow the procedure set forth in Crim. R. 11(C)(2), which provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty

involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶9}** "Pursuant to Crim. R. 11(C), felony defendants are entitled to be informed of various constitutional and non-constitutional rights, prior to entering a plea." *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 6. Among the non-constitutional rights, Crim. R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his guilty or no-contest plea and to determine whether he understands that effect. *State v. Jones,* supra at ¶ 12; *Griggs*, supra at ¶ 10–12.

**{¶10}** Before accepting Appellant's guilty plea, the trial court engaged in the following colloquy with him:

THE COURT: You understand you're offering to plead guilty to one count, that count is permitting drug abuse, and that's a felony of the fifth degree?

THE DEFENDANT: Say –

THE COURT: You're pleading no contest.

THE DEFENDANT: Yes, sir.

THE COURT: I will – I will make that mistake again. Just correct me when I do it.

THE DEFENDANT: That's fine.

THE COURT: And you understand that offense, being a felony of the fifth degree, carries a possible penalty of six to 12 months of imprisonment in one-month increments, and a fine of up to $2500?

THE DEFENDANT: Yes, sir.

THE COURT: You also understand there's a forfeiture specification in regards to the vehicle contained in the indictment?

THE DEFENDANT: Yes, sir.

THE COURT: You also understand that in addition to any type of jail or prison sentence, the Court can impose what are known as financial sanctions against you, and that can include court costs, fines, restitution, that sort of thing?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: You understand that if you went to prison in this matter it's optional, but upon your release from prison the Adult Parole Authority could place you upon what is known as post-release control, and that could be for a period of up to three years?

THE DEFENDANT: Yes, sir.

THE COURT: You understand that while on post-release control, you would be subject to a variety of rules and regulations? Should you fail to follow those rules and regulations, you could be sent back to prison for a period of up to nine months for each rule violation you may commit. Total amount of time you could be sent back to prison would be equal to one-half of your original prison sentence?

THE DEFENDANT: Yes, sir.

THE COURT: You also understand that if you commit a new felony while on post-release control, in addition to any sentence you receive for that new felony, additional time could be added to that sentence in the form of the time you have left on post-release control, or one year, whichever's greater?

THE DEFENDANT: Yes, sir.

THE COURT: You also understand the Court could place you upon what is known as community control, and that could be for a period of up to five years?

THE DEFENDANT: Yes, sir.

THE COURT: You understand that while on community control, you'd be subject to a variety of rules and regulations. Should you fail to follow those rules and regulations, the Court could place you upon more severe sanctions of community control or could send you to prison for any period of time it could have originally?

THE DEFENDANT: Yes, sir.

THE COURT: You understand what you've been charged with and any possible defenses you may have to those charges?

THE DEFENDANT: Yes.

* * *

THE COURT: You understand that by pleading no contest you are giving up your right to a jury trial?

THE DEFENDANT: Yes, sir.

THE COURT: You also understand that you are giving up your right to a trial to the Court without a jury; be a Bench trial?

THE DEFENDANT: Yes.

THE COURT: You also understand you are giving up your right to confront and have your attorney cross-examine anybody who testifies against you?

THE DEFENDANT: Yes, sir.

THE COURT: You also understand you are giving up your right to use the power of the Court to subpoena and compel anybody you wanted to be here * * * and testify on your behalf?

THE DEFENDANT: Yes, sir.

THE COURT: And do you also understand that you are giving up your right at that trial not to take the witness stand, and the fact that you do not testify could not be used against you in any way?

THE DEFENDANT: Yes, sir.

THE COURT: You also understand you are giving up your right to require the Prosecutor to prove your guilt beyond a reasonable doubt of every element of the offense against you?

THE DEFENDANT: Yes, sir.

THE COURT: You also understand you have a right to appeal your case within 30 days of sentencing, but by pleading no contest you severely limit the chances of any appeal being successful?

THE DEFENDANT: Yes, sir.

Transcript of September 19, 2017 Change of Plea Hearing at 13-18.

{¶11} As revealed through the exchange during the Crim. R. 11 colloquy, the trial court advised Appellant of his constitutional rights, the potential penalties for the offense, and the possibility of post-release control. The record demonstrates the trial court had a meaningful dialogue with Appellant, fully apprising him of the constitutional rights he was waiving. However, as Appellant asserts, the trial court completely failed to advise him of the effect of a no contest plea, as required by Crim. R. 11(C)(2)(b).

{¶12} The right to be informed a no contest plea is a not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment is non-constitutional;

therefore, the trial court's failure to inform a defendant of the effect of a no contest plea is subject to review under a standard of substantial compliance. See, *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474. While the failure to adequately inform a defendant of his constitutional rights would invalidate a no contest plea under a presumption it was entered involuntarily and unknowingly, the failure to substantially comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. See, *Id.* The test for prejudice is "whether the plea would have otherwise been made." *Id.*

**{¶13}** We find not only did the trial court fail to substantially comply with Crim. R. 11(C)(2)(b), but the trial court also failed to comply at all with the rule. The trial court did not inform Appellant of the effect of his no contest plea. We find a trial court is required to substantially comply with all three subsections of Crim. R. 11(C)(2). Because the trial court's failure to do so invalidates Appellant's plea, we need not reach the issue of whether Appellant suffered prejudice.

**{¶14}** Appellant's sole assignment of error is sustained.

**{¶15}** Appellant's conviction and sentence are vacated and the matter remanded for further proceedings consistent with the law and this Opinion.

By: Hoffman, P.J.

Baldwin, J.  and

Wise, Earle, J. concur