[Cite as *State v. Smith*, 2019-Ohio-4645.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2019-0005 |
| | : | |
| MONTE SMITH | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                            Court of Common Pleas, Case No.
                            CR2018-0507


JUDGMENT:                   REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:     November 7, 2019


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

D. MICHAEL HADDOX                       JAMES A. ANZELMO
MUSKINGUM CO. PROSECUTOR                446 Howland Dr.
TAYLOR P. BENNINGTON                    Gahanna, OH 43230
27 North Fifth Street, P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1}   Appellant Monte Smith appeals from the January 2, 2019 Entry of the Muskingum County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The instant case arose when the Central Ohio Drug Enforcement Task Force made a series of controlled buys of methamphetamine and marijuana from appellant between April 4 and May 25, 2018, in Muskingum County.

{¶3}   Appellant was charged by indictment with multiple counts of drug trafficking, permitting drug abuse, and drug possession.  The charges were accompanied by juvenile, major drug offender, and forfeiture specifications.   On November 5, 2018, appellant appeared before the trial court to change his previously-entered pleas of not guilty to ones of no contest to the following amended charges: Count I, trafficking in methamphetamine pursuant to R.C. 2925.03(A)(1), a felony of the third degree; Count III, trafficking in methamphetamine pursuant to R.C. 2025.03(A)(1), a felony of the first degree with a major drug offender specification pursuant to R.C. 2941.1410; and Count V, possession of marijuana pursuant to R.C. 2925.11(A), a felony of the fifth degree with a forfeiture specification.

{¶4}   Sentencing was deferred and a pre-sentence investigation (P.S.I.) was ordered.

{¶5}   Appellant appeared for sentencing on December 28, 2018, and the trial court imposed an aggregate prison term of fifteen years.

{¶6}   Appellant now appeals from the trial court's Entry dated January 2, 2019.

{¶7}   Appellant raises five assignments of error:

**ASSIGNMENTS OF ERROR**

{¶8} "I.   THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING SMITH'S MOTIONS FOR A CONTINUANCE, IN VIOLATION OF SMITH'S DUE PROCESS RIGHTS PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶9}   "II. SMITH DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTER A NO CONTEST PLEA, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

{¶10} "III.  THE TRIAL COURT ERRED BY ORDERING SMITH TO PAY FINES."

{¶11} "IV.  SMITH RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

{¶12} "V.  THE TRIAL COURT IMPOSED AN EXCESSIVE BAIL ON SMITH, IN VIOLATION OF HIS RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 9, ARTICLE I OF THE OHIO CONSTITUTION."

**ANALYSIS**

II.

{¶13} For ease of analysis, we will address appellant's assignments of error out of order.

{¶14} In his second assignment of error, appellant argues that his plea of no contest was not knowingly, voluntarily, and intelligently entered. Appellee concedes appellant was not advised appropriately as to the effect of his no-contest plea. For the following reasons, we agree and therefore sustain appellant's second assignment of error.

{¶15} Appellant asserts that he was not adequately informed that a plea of no contest is not an admission of guilt but is an admission of the facts contained in the indictment. We reviewed a similar argument in *State v. Gibson*, 5th Dist. Muskingum No. CT2017-0094, 2018-Ohio-4013, appeal not allowed, 154 Ohio St.3d 1500, 2019-Ohio-345, 116 N.E.3d 154. Crim.R. 11(B) explains the effect of a no-contest plea and provides, in relevant part:

> With reference to the offense or offenses to which the plea is entered:
>
> * * *
>
> (2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

{¶16} Pursuant to Crim. R. 11, a trial court must follow distinct procedures in accepting a plea, with the procedures varying based upon whether the offense involved is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Jones,* 116 Ohio St.3d 211, 877 N.E.2d 677, 2007-Ohio-6093, ¶ 11.

Appellant pled no contest to felonies of the first, third, and fifth degrees. Accordingly, the trial court was required to follow the procedure set forth in Crim. R. 11(C)(2), which provides:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶17} Advising the defendant that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 11, citing *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990) and *State v. Ballard*, 66 Ohio St.2d 473, 479–480, 423 N.E.2d 115 (1981). "Pursuant to Crim. R. 11(C), felony defendants are entitled to be informed of various constitutional and non-constitutional rights, prior to entering a plea." Id., ¶ 6. Among the non-constitutional rights, Crim. R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his guilty or no-contest plea and to determine whether he understands that effect. *State v. Jones*, supra at ¶ 12; *Griggs*, supra at ¶ 10–12.

{¶18} In the instant case, before accepting appellant's guilty plea, the trial court asked whether he understood that he would plead guilty to three separate counts. Appellant said he "thought it was no contest." The trial court asked, "You understand that a plea of no contest is probably going to end up today with—with a finding of guilty? Do you realize that?" Appellant said yes, but then said he didn't understand what the trial court meant by "guilty" because his plea was "no contest." T. I, 5-6. We agree with appellant that the trial court did not inform him that his no-contest plea was not an admission of guilt, but was an admission of the truth of the facts alleged in the indictment. Therefore, we must conclude that the requirements of Crim. R. 11(C)(2)(b) were not met. *Gibson*, supra, 2018-Ohio-4013 at ¶ 11.

{¶19} The right to be informed a no contest plea is a not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment is non-constitutional; therefore, the trial court's failure to inform a defendant of the effect of a no contest plea is subject to review under a standard of substantial compliance. *Gibson*, supra at ¶ 12, citing *Nero*, supra, 56 Ohio St.3d at 108. While the failure to adequately inform a defendant of his constitutional rights would invalidate a no contest plea under a presumption it was entered involuntarily and unknowingly, the failure to substantially comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. *See, id.* The test for prejudice is "whether the plea would have otherwise been made." *Id.*

{¶20} Having found that the trial court did not inform appellant of the effect of his no contest plea, we further find a trial court is required to substantially comply with all three subsections of Crim. R. 11(C)(2). Because the trial court's failure to do so invalidates appellant's plea, we need not reach the issue of whether appellant suffered prejudice. *Id.*

{¶21} Appellant's second assignment of error is sustained. Appellant's convictions and sentence are vacated and the matter remanded for further proceedings consistent with the law and this opinion. *Gibson*, supra, at ¶ 15.

## I., III., and IV.

{¶22} In his first assignment of error, appellant argues the trial court should have granted his second motion to continue the jury trial.

{¶23} In his third assignment of error, appellant argues the trial court erred in ordering him to pay fines.

{¶24} In his fourth assignment of error, appellant argues he received ineffective assistance of counsel because defense trial counsel was "suspended in the middle of proceedings". The record indicates that, after appellant entered his no-contest pleas, defense trial counsel filed a motion to continue the sentencing hearing and to withdraw from the case, in part because counsel "ha[d] been suspended from the practice of law for the next six months and is unable to attend the sentencing hearing."

{¶25} These assignments of error are rendered moot by our resolution of appellant's second assignment of error vacating the convictions and sentence, and accordingly are overruled.

V.

{¶26} In his fifth assignment of error, appellant argues the trial court imposed excessive bail.

{¶27} In general, persons accused of crimes are bailable by sufficient sureties, and "[e]xcessive bail shall not be required." Section 9, Article I, Ohio Constitution. The proper remedy for excessive bail is habeas corpus, not appeal from the defendant's conviction.

{¶28} Habeas corpus is the proper remedy to raise the claim of excessive bail in pretrial-release cases. *Chari v. Vore*, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763, citing *State ex rel. Smirnoff v. Greene*, 84 Ohio St.3d 165, 168, 702 N.E.2d 423 (1998); *In re DeFronzo*, 49 Ohio St.2d 271, 273, 361 N.E.2d 448 (1977), citing *State v. Bevacqua*, 147 Ohio St. 20, 67 N.E.2d 786 (1946); *Bland v. Holden*, 21 Ohio St.2d 238, 257 N.E.2d 397 (1970); *Davenport v. Tehan*, 24 Ohio St.2d 91, 264 N.E.2d 642 (1970).

{¶29} Thus, appellant may not raise this issue on direct appeal.

{¶30} Appellant's fifth assignment of error is overruled.

## CONCLUSION

{¶31} Appellant's second assignment of error is sustained and his remaining assignments of error are overruled. Appellant's no-contest pleas, convictions, and sentence are vacated and this matter is remanded to the trial court for further proceedings.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.