[Cite as *State v. Fox*, 2024-Ohio-349.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2023AP060035 |
| | : | |
| JEFFERY FOX, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Tuscarawas County
                                 Court of Common Pleas, Case No.
                                 2022CR090340

JUDGMENT:                        REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:          January 31, 2024

APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

RYAN STYER                             DONOVAN R. HILL, ESQ.
TUSCARAWAS CO. PROSECUTOR              122 Market Ave. N.
125 East High Ave.                     Dewalt Building, Suite 101
New Philadelphia, OH 44663             Canton, OH 44702

*Delaney, J.*

{¶1} Appellant Jeffery Fox, Jr. appeals from the May 16, 2023 Judgment Entry on Change of Plea and Sentencing of the Tuscarawas County Court of Common Pleas. Appellee is the state of Ohio and did not appear in the instant appeal.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts are adduced from appellee's statement at the change-of-plea and sentencing hearing on May 15, 2023.

{¶3} Law enforcement was dispatched for a complaint of a man and woman passed out in a running vehicle behind a residence. Upon investigation, appellant and a companion were found with syringes, spoons, cut straws, and a mixture of methamphetamine and fentanyl.

{¶4} Appellant was charged by indictment with one count of possession of a fentanyl-related compound pursuant to R.C. 2925.11(A),a felony of the fifth degree [Count I] and one count of possession of drug paraphernalia pursuant to R.C. 2925.14(C)(1), a misdemeanor of the fourth degree [Count II]. Appellant entered pleas of not guilty and was released on his own recognizance.

{¶5} At a pretrial on November 7, 2022, defense trial counsel noted appellant failed to maintain contact with her office, and the trial court observed mail sent to appellant's last known address was returned. Appellant was ordered to appear for a status hearing on December 5, 2022, with notice that a capias warrant would be issued if he failed to appear.

{¶6} Appellant appeared for the status hearing on December 5, 2022. He was admonished, told to stay in touch with defense trial counsel, and ordered to keep the trial

court and counsel informed of his address.  A final pretrial/change of plea hearing was scheduled for February 21, 2023, and a jury trial was scheduled for February 22, 2023.

{¶7} On January 13, 2023, defense trial counsel filed a motion to withdraw, noting appellant missed three scheduled telephone appointments and had a pending arrest warrant due to failure to report to jail. The trial court scheduled the motion for a status and review hearing on January 30, 2023.

{¶8} On January 30, 2023, appellant failed to appear for the status hearing, and the trial court granted the motion to withdraw "subject to reappointment" upon appellant's apprehension, issued a capias for appellant's arrest, and continued the remaining scheduled court dates.

{¶9} Appellant was apprehended and the trial court reviewed the matter on March 13, 2023, reappointing defense trial counsel and scheduling the matter for another final pretrial and jury trial.

{¶10} On April 20, 2023, appellant filed a pro se "Motion to Re-weigh and Re-test Evidence."

{¶11} On May 4, 2023, appellant filed a pro se motion for appointment of new defense trial counsel.

{¶12} On May 11, 2023, the trial court filed a Scheduling Order setting the matter for a change-of-plea and sentencing hearing on May 15, 2023.

{¶13} On May 12, 2023, appellant filed a pro se motion for discovery.

{¶14} On May 15, 2023, appellant filed a pro se motion to dismiss for lack of a speedy trial.[1]

{¶15} Also on May 15, 2023, appellant came before the trial court for a change of plea and sentencing hearing; appellant executed an acknowledgment of guilty plea. The trial court noted the pending pro se motions were overruled and appellant entered a plea of guilty as charged. Defense trial counsel stated, and appellant agreed, that although appellee offered to recommend a term of community control in exchange for the guilty pleas, appellant rejected the offer because he was unwilling to serve a period or community control and "would leave a CBCF at the first opportunity."

{¶16} Appellant therefore requested to serve his sentence in prison. The trial court sentenced appellant to, e.g., a prison term of nine months upon Count I and court costs upon Count II.

{¶17} Appellant now appeals from the trial court's May 16, 2023 Judgment Entry on Change of Plea and Sentencing.

{¶18} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶19} "I. APPELLANT'S PLEA WAS NOT ENTERED INTO KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY BECAUSE THE TRIAL COURT FAILED TO COMPLETELY COMPLY WITH OHIO CRIM.R. 11."

{¶20} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT INQUIRING INTO APPELLANT'S COMPLAINT REGARDING COUNSEL."

---

[1] In the Order of January 31, 2023, issuing a capias for appellant's arrest, the trial court noted the speedy-trial time was enlarged due to appellant's conduct.

**ANALYSIS**

I.

{¶21} In his first assignment of error, appellant argues his plea of no contest was not knowingly, voluntarily, and intelligently entered because the trial court did not inform him that a guilty plea is a complete admission of guilt pursuant to Crim.R. 11(B)(1). For the following reasons, we agree and therefore sustain appellant's first assignment of error.

{¶22} Pursuant to Crim. R. 11, a trial court must follow distinct procedures in accepting a plea, with the procedures varying based upon whether the offense involved is a petty-offense misdemeanor, a serious-offense misdemeanor, or a felony. *State v. Jones*, 116 Ohio St.3d 211, 877 N.E.2d 677, 2007-Ohio-6093, ¶ 11. Appellant pled guilty to a felony of the fifth degree and a misdemeanor of the fourth degree. Accordingly, the trial court was required to follow the procedure set forth in Crim. R. 11(C)(2), which provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) **Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest**, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.  (Emphasis added).

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶23} Advising the defendant that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 11, citing *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990) and *State v. Ballard*, 66 Ohio St.2d 473, 479–480, 423 N.E.2d 115 (1981). "Pursuant to Crim. R. 11(C), felony defendants are entitled to be informed of various constitutional and non-constitutional rights, prior to entering a plea." *Id.*, ¶ 6. Among the non-constitutional rights, Crim. R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his guilty or no-contest plea and to determine whether he understands that effect. *Jones*, supra, 2007-Ohio-6093 at ¶ 12; *Griggs*, supra, at ¶ 10–12.

{¶24} The issue presented by the instant case is whether the trial court adequately informed appellant of the effect of his guilty plea. The Ohio Supreme Court has held that to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B). *Jones*, supra, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 25. The relevant language pursuant to Ohio Crim. R. 11(B)(1) is, "The plea of guilty is a complete admission of the defendant's guilt." Further, "[w]hether orally or in writing, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B) before accepting a plea." *Jones*, supra, ¶ 51.

{¶25} In the instant case, the language of Crim.R. 11(B)(1) is missing from the record, is not contained in the colloquy, and was not provided in written form to appellant via the Acknowledgment of Guilty Plea form executed by appellant and defense trial counsel. *Id.* Before accepting appellant's guilty plea, the trial court stated the following regarding the effect of the plea:

> * * * *. So the acknowledgment form states that you would be entering a plea of guilty to the charge of possession of a fentanyl-related compound, a felony of the fifth degree, and illegal use or possession of drug paraphernalia, a misdemeanor of the fourth degree. A plea of guilty to those charges would result in you being found guilty of those offenses without further proof being offered to the court of those offenses and then you would be subject to the possible penalties from the range of sentence options for the Court. Do you understand that would be the effect of your guilty plea?

T. Change of Plea and Sentencing, 3.

{¶26} We agree with appellant that the trial court did not inform him that his guilty pleas were a complete admission of his guilt. Therefore, we must conclude that the requirements of Crim. R. 11(C)(2)(b) were not met. *State v. Smith*, 5th Dist. Muskingum No. CT2019-0005, 2019-Ohio-4645, ¶ 18, citing *State v. Gibson*, 5th Dist. Muskingum No. CT2017-0094, 2018-Ohio-4013, ¶ 11.

{¶27} In *Gibson*, supra, we held the following regarding noncompliance with Crim.R. 11(C)(2)(b):

> The right to be informed a no contest plea is a not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment is non-constitutional; therefore, the trial court's failure to inform a defendant of the effect of a no contest plea is subject to review under a standard of substantial compliance. See, *Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474. While the failure to adequately inform a defendant of his constitutional rights would invalidate a no contest plea under a presumption it was entered involuntarily and unknowingly, the failure to substantially comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. See, *Id.* The test for prejudice is "whether the plea would have otherwise been made." *Id.*
>
> We find not only did the trial court fail to substantially comply with Crim. R. 11(C)(2)(b), but the trial court also failed to comply at all with the rule. The trial court did not inform Appellant of the effect of

his no contest plea. We find a trial court is required to substantially comply with all three subsections of Crim. R. 11(C)(2). Because the trial court's failure to do so invalidates Appellant's plea, we need not reach the issue of whether Appellant suffered prejudice.

> *State v. Gibson*, 5th Dist. Muskingum No. CT2017-0094, 2018-Ohio-4013, ¶ 12-13.

{¶28} In the instant case, appellant's first assignment of error is sustained. Appellant's convictions and sentence are vacated and the matter remanded for further proceedings consistent with the law and this Opinion. *Gibson*, supra, 2018-Ohio-4013, ¶ 15; *Smith*, supra, 2019-Ohio-4645, ¶ 21.

## II.

{¶29} In his second assignment of error, appellant argues the trial court should have inquired further into his dissatisfaction with defense trial counsel. We disagree.

{¶30} Appellant argues the trial court failed to adequately inquire into his concerns about appointed defense trial counsel as required under *State v. Deal*, 17 Ohio St.2d 17, 244 N.E.2d 742 (1969). "Where, during the course of his trial for a serious crime, an indigent accused questions the effectiveness and adequacy of assigned counsel, * * * it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record." *Deal*, *supra*, at syllabus. The inquiry may be brief and minimal, and the duty to inquire is only triggered by allegations that are sufficiently specific. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 139, internal citations omitted. "The trial judge may then require the trial to proceed with assigned counsel participating if the complaint is not substantiated or is unreasonable." *Deal*, *supra*, at syllabus.

{¶31} Appellant does not point to complaints raised about defense trial counsel; his brief cites "(Tr. at pg. 2-3)" but assuming this refers to the record of the change-of-plea and sentencing hearing, there is no reference to complaints about counsel's representation. Instead, appellant stated he was satisfied with his representation. T. 6. Appellant also executed the Acknowledgment of Guilty Plea form stating he "h[as] confidence in [his attorney] and accepts [her] representations of [him] in this matter." 5.

{¶32} Upon our review of the record, appellant's request for new counsel appears in a pro se motion in which he stated he wanted counsel to provide additional discovery and a chain of custody form but counsel responded she already provided him with everything he was entitled to. We find appellant's pro se motion, without more, did not establish good cause for the appointment of new counsel. *State v. Patterson*, 5th Dist. Stark No. 2023CA00027, 2023-Ohio-3579, ¶ 34. We further find appellant failed to allege facts which, if true, would require the appointment of new counsel. *Id.,* citing *State v. Ervin*, 5th Dist. Stark No. 2000CA00297, 2001 WL 1512190. The duty prescribed by *Deal* only arises if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further. *State v. Anderson*, 5th Dist. Richland No. 20CA0029, 2020-Ohio-4937, ¶ 24, citing *State v. Pace*, 5th Dist. Morgan No. 14 AP 0007, 2015-Ohio-2884.

{¶33} Appellant's second assignment of error is overruled.

**CONCLUSION**

{¶34} Appellant's first assignment of error is sustained, his second assignment of error is overruled, and this matter is remanded to the trial court for further proceedings consistent with this Opinion.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.