[Cite as *State v. Bringht*, 2025-Ohio-3144.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

    v. :

DAMAINE BRINGHT, :

    Defendant-Appellant. :

Nos. 114548 and 114879

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 4, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-23-684156-A and CR-24-690394-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Goldberg Dowell and Associates LLC and Adam Parker, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Damaine Bringht ("Bringht") appeals his convictions and sentences after pleading guilty to two counts of rape with a one-year firearm specification, gross sexual imposition, theft, tampering with evidence, and

burglary with a one-year firearm specification. For the reasons stated below, we find no error and affirm Bringht's convictions and sentences.

## I. Facts and Procedural history

{¶ 2} This consolidated appeal stems from separate incidents, indictments, and convictions in two cases, Cuyahoga C.P. Nos. CR-23-684156-A and CR-24-690394-A.

### A. CR-23-684156

{¶ 3} The events that led to the charges in CR-23-684156 took place in Lakewood on August 12, 2023. Three girls, K.B., F.A., and S.K., were at a park in Lakewood. After noticing Bringht watching them from a minivan, the girls went to K.B.'s house, which was across the street. Bringht followed the girls and walked into K.B.'s house. Once inside, he lifted his shirt to show them that he had a gun in his waistband. Bringht then digitally raped F.A. in front of her friends, then touched K.B.'s breasts and vagina. While there, he repeatedly asked the girls about the locations of cameras in the home and stole their cellphones.

{¶ 4} On August 21, 2023, Bringht was indicted in CR-23-684156 on three counts of rape, with one- and three-year firearm specifications; three counts of kidnapping with sexual motivation and one- and three-year firearm specifications; two counts of aggravated robbery, with one- and three-year firearm specifications; three counts of gross sexual imposition, with one- and three-year firearm specifications; one count of theft, with one- and three-year firearm specifications;

two counts of tampering with evidence, with one-year firearm specifications; and one count of aggravated burglary, with one- and three-year firearm specifications.

**B. CR-24-690394**

{¶ 5} The events that led to the charges in CR-24-690394 took place between November 1 and December 30, 2022. S.G., a minor female related to Bringht, was riding in a car with him to a family party. Bringht parked his car in a parking lot behind a building, digitally raped S.G., then tried to place her hand on his penis.

{¶ 6} On April 9, 2024, Bringht was indicted in CR-24-690394 on charges of rape, gross sexual imposition, and unlawful sexual conduct with a minor with a furthermore clause.

{¶ 7} On June 27, 2024, Bringht entered into a global plea agreement. As part of the plea agreement, he pleaded guilty in CR-23-684156 to rape, with a one-year firearm specification; gross sexual imposition; theft; one count of tampering with evidence; and burglary, with a one-year firearm specification. The remaining ten counts and corresponding firearm specifications were nolled. In CR-24-690394, Bringht pleaded guilty to rape as charged, and the remaining two counts were nolled.

{¶ 8} During the plea colloquy, Bringht told the trial court that he graduated from high school and completed some college. The following exchange also took place during the plea colloquy:

> THE COURT: Okay. Mr. Bringht, in order to plead guilty, it is required that you waive valuable constitutional rights. I'm going to review them with you at this time. When you plead — do you waive or give up the

right to have the State of Ohio prove you guilty beyond a reasonable doubt?

DEFENDANT: Yes, sir.

THE COURT: Do you waive your right to a jury trial?

DEFENDANT: Yes, sir.

THE COURT: Do you waive your right to have your attorney cross-examine the State's witnesses at a trial?

DEFENDANT: Yes, sir.

THE COURT: And do you waive your right to have the subpoena process issued for trial because you're pleading guilty here today?

DEFENDANT: Yes, sir.

THE COURT: The one right you never waive is your Fifth Amendment right against self-incrimination. So if this case had gone to trial, the prosecutor couldn't call you as a witness. I couldn't call you as a witness. The only one that could take the witness stand is you, and it would be at the direction of your lawyer. Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: That's your Fifth Amendment right. Nobody can violate that, not even in a courtroom like this. Do you understand?

DEFENDANT: Yes, sir.

THE COURT: Okay. But the other ones you can waive for purposes of taking the plea. You with me?

DEFENDANT: Yes, sir.

(June 27, 2024, tr. 20-21.)

{¶ 9} During the plea hearing, the trial court read each count of the indictment, which detailed the charged offenses. After each charge the trial court asked for Bright's plea and Bright responded "guilty."

{¶ 10} A presentence investigation was completed, and sentencing was held on July 30, 2024. In CR-23-684156, the trial court sentenced Bringht to 10 to 15 years on the rape offense as amended, with the one-year gun specification to be served prior to and consecutive with the underlying sentence; one year each on the gross sexual imposition as amended, aggravated theft as amended, and tampering with evidence offenses as amended; and four years on the burglary offense as amended, with the one-year gun specification to be served prior to and consecutive with the underlying sentence and prior to and consecutive with the gun specification on the rape charge. The court ordered all counts to be served consecutively with one another, for a total of 19 to 24 years. In CR-24-690394, Bringht was sentenced to a prison term of 11 to 16 and one-half years, and five years of postrelease control.

{¶ 11} The sentences in CR-24-690394 and CR-23-684156 were ordered to be served consecutively with each other. Bringht's aggregate sentence is 30 to 40 and one-half years. The convictions and sentences in the two cases were issued in separate journal entries.

{¶ 12} Bringht filed a delayed appeal that originally contained one assignment of error but was later amended to add a second assignment of error.

1. The trial court failed to comply with Crim.R. 11 prior to accepting Mr. Bringht's guilty plea.

2. The trial court imposed a sentence that was contrary to law by imposing a maximum sentence longer than 50% of the longest minimum sentence.

## II. Law and Analysis

### A. Crim.R. 11 Colloquy

{¶ 13} In his first assignment of error, Bringht argues that the trial court failed to comply with Crim.R. 11 when it did not inform him that his guilty plea was a complete admission of guilt.

{¶ 14} "To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in colloquy with the defendant in accordance with Crim.R. 11(C)." *State v. Meadows*, 2022-Ohio-4513, ¶ 18 (8th Dist.), citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶ 15} Crim.R. 11(B)(1) provides that a "plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(C)(2)(b) requires that during the plea colloquy, the trial court do the following:

> Inform[] the defendant of and determine[e] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 16} Appellate review of the trial court's compliance with Crim.R. 11 involves the following analysis:

> (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*State v. Ponomarenko*, 2024-Ohio-4789, ¶ 15 (8th Dist.), quoting *State v. Dangler*, 2020-Ohio-2765, ¶ 17.

{¶ 17} The focus on review is "whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea[.]" *Dangler* at ¶ 12, citing *State v. Veney*, 2008-Ohio-5200, ¶ 15-16; *State v. Clark*, 2008-Ohio-3748, ¶ 26; *State v. Miller*, 2020-Ohio-1420, ¶ 19. A criminal defendant asking an appellate court to reverse a conviction must show that an error occurred in the trial court proceedings and that he was prejudiced by that error. *Dangler* at ¶ 13; *see State v. Perry*, 2004-Ohio-297, ¶ 14-15; *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977); Crim.R. 52. The test for prejudice is "whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶ 18} There are two exceptions to this rule. The first exception occurs when a trial court fails to explain constitutional rights that a defendant waives by entering a guilty plea. In that instance, there is a presumption that a plea was entered involuntarily and unknowingly, and a showing of prejudice is not required. *Dangler* at ¶ 14; *Clark* at ¶ 31. The second exception is a trial court's complete failure to comply with a portion of Crim.R. 11, in which case the defendant is not required to show prejudice. *Dangler* at ¶ 15; *State v. Sarkozy*, 2008-Ohio-509, ¶ 22. Crim.R. 11(C)(2)(b) involves a nonconstitutional right. *Ponomarenko* at ¶ 16.

{¶ 19} This court, sitting en banc, recently addressed whether a trial court's failure to inform a defendant that a guilty plea is a complete admission of the defendant's guilt constitutes a complete failure to comply with a portion of Crim.R. 11 such that a showing of prejudice is not required to invalidate the plea. *State v. Fontanez,* 2024-Ohio-4579 (8th Dist.). In *Fontanez,* the en banc court discussed

the common usage of the word "guilty" and held that it was apparent from the colloquy that the defendant admitted that he committed the acts in question when the trial court asked how he pled and he responded "guilty." *Id.* at ¶ 13-14. The en banc court also found that

> common sense dictates that [the defendant] understood that his guilty plea was an admission of his guilt.
>
> . . .
>
> [W]here a trial court does not explicitly state that a guilty plea constitutes a complete admission of guilt during a Crim.R. 11 colloquy but the court otherwise complies with the rule and the defendant does not assert actual innocence, we may presume that the defendant understood that his guilty plea was a complete admission of guilt.

*Fontanez* at ¶ 14 and 20.[1]

{¶ 20} A review of the record in this case reveals that we may presume that Bright understood his guilty plea was a complete admission of guilt. Bright did not assert actual innocence. In addition, during the colloquy the trial court read each count of the indictment, which detailed the charged offenses, and asked for his

---

[1] The Ohio Supreme Court determined that a conflict exists between this court's decision in *Fontanez*, *State v. Fox*, 2024-Ohio-349 (5th Dist.), and *State v. Dumas*, 2024-Ohio-2731 (2d Dist.). *01/22/2025 Case Announcements*, 2025-Ohio-156. *Fontanez* is pending before the Ohio Supreme Court on the following issue:

> Does a trial court completely fail to comply with Crim.R. 11(C)(2) so as to render a guilty plea invalid when it fails to explicitly state that [a] guilty plea constitutes a complete admission of guilt[] where the trial court otherwise complies with the requirements of Crim.R. 11(C)(2), the admission of guilt is obvious from the context of the plea colloquy, and the defendant does not assert actual innocence?

*Fontanez* is scheduled for oral argument before the Ohio Supreme Court on October 29, 2025.

plea. Each time Bringht's response was "guilty." Bringht does not raise any other Crim.R. 11 concerns with the plea colloquy; thus we find that the trial court complied with the relevant provisions of Crim.R. 11. Under *Dangler*, no further analysis is required. Pursuant to *Dangler* and *Fontanez,* we find that the trial court did not err when it failed to inform Bringht that his guilty plea was a complete admission of guilt. Bringht's first assignment of error is overruled.

**B. Calculation of Maximum Sentence**

{¶ 21} In his second assignment of error, Bringht argues that the trial court erred when it imposed a maximum sentence that is longer than 50 percent of the longest minimum sentence.

{¶ 22} Pursuant to R.C. 2953.08(G)(2), if the record does not support the sentencing court's findings under relevant sentencing statutes or the sentence is otherwise contrary to law, then the appellate court "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶ 23} Pursuant to R.C. 2929.144(B)(2), a sentencing court imposing consecutive sentences on felony offenses shall impose a maximum sentence "equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced." This court has previously found that the calculation of a maximum sentence is a separate calculation for each case:

> [W]hen one or more qualifying felonies are ordered to be served consecutively, R.C. 2929.144(B)(2) only allows the court to impose fifty

percent of the longest minimum term for the most serious felony being sentenced and does not allow the court to impose consecutive indefinite prison terms. However, R.C. 2929.144(B)(2) only applies to consecutive prison terms imposed within a single case.

*State v. Bond*, 2022-Ohio-1487, ¶ 13 (8th Dist.).

{¶ 24} Bringht argues that *State v. Jenkins*, 2025-Ohio-2143 (8th Dist.), is in conflict with *Bond*. However, in *Jenkins* the State conceded an error in the calculation of the indefinite sentence and the *Jenkins* Court remanded for that purpose.

{¶ 25} In this case, there were two separate incidents and indictments that led to two separate sentencing entries. The sentencing court appropriately calculated Bringht's indefinite sentences in each case separately and the sentences fall within the statutory range. In CR-24-690394, Bringht's minimum sentence of 11 years was used to calculate the additional 50 percent, resulting in a 16.5-year maximum sentence. In CR-23-684156, Bringht's minimum sentence of 10 years on the rape charge was used to calculate the additional 50 percent, resulting in a 15-year maximum sentence. With the sentences on the additional counts in CR-23-684156, Bringht's prison sentence is 19-24 years.

{¶ 26} The trial court did not err in sentencing Bringht to indefinite sentences in separate cases. Therefore, Bringht's second assignment of error is overruled.

{¶ 27} For the reasons stated above, we find no error and affirm Bringht's convictions and sentences.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR